UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON W. ERVIN,<br><br>    **Plaintiff,**<br><br>    v.7<br><br>MERCED POLICE DEPARTMENT, MERCED POLICE OFFICERS: CHAVEZ – BADGE # 156, ALPONTE, SALLYER – BADGE # 191 and PADGETT – BADGE # 180, and DOES 1 to 4,<br><br>    **Defendants.** | 1:13-cv-0446 AWI GSA<br><br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS MOTION TO DISMISS CLAIM FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br>Doc. # 6 |

    This is a civil rights action for damages by *pro se* plaintiff Elton W. Ervin ("Plaintiff") against defendants City of Merced (improperly sued as Merced City of Merced Police Department), and individual Merced Police Officers Chavez, Alponte, Salyers and Padgett (collectively "Defendants"). Plaintiff's First Amended Complaint ("FAC") was removed from Merced County Superior Court on March 26, 2013, on the ground of federal subject matter jurisdiction. Plaintiff's FAC is difficult to interpret, but the portion of the FAC that purports to set forth "Legal Claims" lists a total of eight claims for relief. Currently before the court is Defendants' motion to dismiss Plaintiff's first, second, third fourth, fifth, seventh and eighth

1

claims for relief.  As of the date of this writing, Defendants' motion to dismiss is unopposed.  For the reasons that follow, Defendants' motion to dismiss will be granted as further clarified.

**FADCTUAL BACKGROUND**

Plaintiff's action arises from the apprehension and arrest of Plaintiff by the individual Defendants on the night of January 14, 2012.  The facts pertaining to this encounter appear to be summarized at pages 36 to43 of Document number 1.  Plaintiff alleges he was approached about 10:30 p.m. by "an unidentified person who appeared out of the dark questioning [P]laintiff concerning his car and where [P]laintiff was coming from."  Doc. #1 at 36:9-13.  Plaintiff alleges the person who approached him, later identified as Defendant Chavez, did not identify himself and later falsely reported that his encounter with Plaintiff was the result of a traffic stop.  Plaintiff declined to answer Chavez and continued walking toward his residence.  Plaintiff was grabbed from behind around the neck and thrown to the ground.  Plaintiff alleges officers Chavez and Alponte kicked Plaintiff in the head, back, and shoulder area.  By the time officers Sallyer and Padgett arrived, Plaintiff was handcuffed.  Officer Chavez forced Plaintiff's mouth open with a flashlight and baton using force sufficient to cause "cuts, wounds [and] piercings to [P]laintiff's lips, gums, tongue and inner mouth area, it also broke, chipped [and] fractured several of [P]laintiff['s] front top and bottom teeth and infected [P]laintiff with hepatitis – C virus as well as mental and emotional damage [and] injuries."  Doc. # 1 at 37:16-21.  Plaintiff's mouth was forced open because the officers believed Plaintiff was concealing a baggie of a narcotic substance in his mouth and was going to swallow the baggie.  The FAC alleges that no illicit substances were recovered from Plaintiff.

Plaintiff alleges he experienced breathing problems from the bleeding in his mouth and requested medical attention, which was refused.  Plaintiff was placed in Chavez's patrol car to be transported to the police station.  In his FAC, Plaintiff alleges, "I was asked by Officer E. Chavez how much money I had in my Wallet, which was one thousand two hundred [and] fifth dollars [which] I had received as grant money from attending junior college, and his response was that it's mine now and so is your car."  Plaintiff also alleges other property that was lodged by Officer Chavez was missing upon Plaintiff's transfer to state prison on February 23, 2012.

2

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

As Defendants observe, Plaintiff's FAC is a mix of legal bases for relief and labels denoting elements of other claims for relief. It is well settled that a court has the duty to construe

*pro se* pleadings generously in favor of the pleader. In this case, the court finds it necessary to refer first to the facts alleged, which are clearly and adequately set forth and fit those facts into what the court construes to be Plaintiff's intended claims. The court understands Plaintiff's FAC as seeking to recover for three or possibly four wrongful acts by Defendants: (1) arrest without probable cause, (2) excessive use of force in making the arrest, (3) failure to render medical assistance, malicious prosecution and (possibly) (4) failure to return Plaintiff's property. Plaintiff seeks relief under a variety of legal theories each of which appears to be linked to allegation of constitutional violation and is brought pursuant to 42 U.S.C. § 1983.

**I. General Considerations: Eighth Amendment and Substantive Due Process Claims**

At the outset, it is clear to the court, as it is to Defendants, that Plaintiff's allegations of violations of rights under the Eighth Amendment and under the Substantive Due Process Clause of the Fourteenth Amendment are without merit as those constitutional provisions have no applicability to the facts of this case. Plaintiff's rights against the imposition of cruel and unusual punishment under the Eighth Amendment apply "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecution." Ingraham v. Wright, 430 U.S. 651, 671, n.40 (1977). Because Plaintiff's claims arose entirely out of events that occurred prior to any criminal proceedings, the Eighth Amendment is not applicable to any claim that could be alleged by Plaintiff.

With regard to the Substantive Due Process Clause of the Fourteenth Amendment, the Supreme Court has rejected the generalized application of substantive due process standards in the context of excessive force claims brought under § 1983. See Graham v. Connor, 490 U.S. 386, 394 (1989). Where "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." Id.; see also Albright v. Oliver, 510 U.S. 266, 273-274 (1993) (Fourth Amendment is appropriate for analysis of depravation of pretrial liberty interests). The court concludes that, to the extent Plaintiff has sought to allege claims for relief under either the Eighth Amendment or Substantive Due Process Clause of the Fourteenth Amendment for claims arising out of his stop, arrest, detention or arising out of the force applied during any of

4

these, those claims are without merit because those violations are protected under the Fourth Amendment.

## II. Plaintiff's Individual Claims

### A. Deliberate Indifference, Failure to Aide

Plaintiff's FAC alleges two claims bearing the label "Deliberate Indifference." The first of these, claim number 5, is not actually a claim itself but appears to set forth Plaintiff's allegation that Defendants acted generally with "deliberate indifference." That allegation, together with Plaintiff's claim number 4, which is labeled "Shocks the Conscience Test," appear to be intended to support Plaintiff's claim for violation of Substantive Due Process rights as alleged in Plaintiff's first claim for relief. Since Plaintiff cannot allege a Substantive Due Process claim for harms arising from his arrest for the reasons explained above, the court finds that neither claim number four or claim number five state a claim upon which relief can be granted.

Plaintiff's other claim that bears the label "Deliberate Indifference" is claim number six. In that claim Plaintiff alleges that the forceful search of his mouth and the denial of requested medical treatment for the resulting injuries violated Plaintiff's rights under the Eighth and Fourteenth Amendments. As explained above, Plaintiff cannot allege a violation of Eighth Amendment rights under the facts of this case because those rights do not attach until there has been a conviction. However, it is at least theoretically possible for Plaintiff to state a claim for failure to render medical care under the Substantive Due Process Clause of the Fourteenth Amendment.

> Although the [Fourteenth] Amendment does not generally require police officers to provide medical assistance to private citizens, DeShaney [v. Winnebago County Dept. Soc. Svcs., 489 U.S. 189, 197 (1989)] (holding that the due process clause does not generally confer affirmative rights to governmental aid, even where such aid may be necessary to secure life), when a state officer's conduct places a person in peril in deliberate indifference to their safety, that conduct creates a constitutional claim. See L.W. v. Grubbs, 974 F.2d 119 (9th Cir. 1992) [. . . ] (concluding a valid section 1983 claim existed against a supervisor at a state facility who placed plaintiff in danger by assigning her to work with an inmate sex offender who had a history of violent assaults on women; he subsequently

> raped and kidnaped her); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989) [. . .] (concluding that a valid section 1983 claim existed against a state police officer who caused a woman to be stranded in a high-crime area at night where she was subsequently raped).

Penilla v. City of Huntington Park, 115 F.3d 707, 709 (9th Cir. 1997).

"Deliberate indifference is 'a stringent standard of fault; requiring proof that a municipal actor disregarded a known or obvious consequence of his action.' [Citation.]" Id. (quoting Bryan Cnty. Brown, 520 U.S. 397, 410 (1997). Pursuant to L.W. v. Grubbs, 92 F.3d 894 (9th Cir 1996).

> We define the contours of deliberate indifference in [L.W. v. Grubbs, 92 F.3d 894, 898-900 (9th Cir. 1996)]. Under Grubbs, the standard we apply is even higher than gross negligence – deliberate indifference requires a culpable mental state. Id. The state actor must "recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." Id. at 899 (internal quotation omitted). In other words, the defendant "knows that something *is* going to happen but ignores the risk and exposes [the plaintiff] to it." Id. at 900. The deliberate-indifference inquiry should go to the jury if any rational factfinder could find this requisite mental state. [Citation].

Patel v. Kent School Dist., 648 F.3d 965, 974 (9th Cir. 2011).

A Fourteenth Amendment claim for relief for failure to provide aide seeks to capture damages that occur *after* the encounter with the officer that places the plaintiff foreseeably in the path of harm.  What a claim for failure to provide care does not capture is damages that arise from the encounter itself.  Thus, in the context of the facts of this case, Plaintiff cannot allege a claim for relief under the Fourteenth Amendment because he was injured by the officer or officers who forced Plaintiff's mouth open – those damages are captured by the Fourth Amendment claim – he can only claim damages for failure to provide medical aid if, as a result of not receiving medical attention, he suffered *additional* harm that was not caused by the initial encounter with the officers.  Plaintiff has not alleged that he was subject to additional harm beyond what was caused by the force employed to open and search his mouth.  As a result, Plaintiff has failed to state a

6

1 claim for relief under the Substantive Due Process Clause of the Fourteenth Amendment upon
2 which relief can be granted. Plaintiff's sixth claim for relief will therefore be dismissed.

3    ***B. Malicious Prosecution***

4    Plaintiff's claim for malicious prosecution is ambiguous in that it is not explicitly
5 stated whether the claim is alleged as a constitutional infringement pursuant to 42 U.S.C. § 1983
6 or whether the claim is alleged as a claim under California common law. Defendants have
7 assumed the latter and seek to dismiss Plaintiff's claim on the ground it fails to allege that the
8 prosecution was "for the purpose of denying [Plaintiff] equal protection or another specific
9 constitutional right" – an element that is necessary to assert a claim under § 1983. Awabdy v.
10 City of Andelanto, 368 F.3d 1062, 1067 (9th Cir. 2004). The court, however, has a more basic
11 concern regarding Plaintiff's malicious prosecution claim that brings into doubt Plaintiff's claim
12 regardless of whether the claim is alleged pursuant to common law or § 1983. The court cannot
13 discern from Plaintiff's FAC any indication that he was actually subjected to prosecution.

14   "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that
15 the defendants *prosecuted* [him] with malice and without probable cause, and that they did so for
16 the purpose of denying [him] equal protection or another constitutional right.' [Citation]"
17 Awabdy, 368 F.3d at 1066 (italics added). Plaintiff alleges that his arrest was without probable
18 cause, and that he was initially detained. See Doc. # 1 at 40:9-12 ("Regarding all charges
19 [P]laintiff was initially detained, accused and arrested for, all the charges and criminal
20 proceedings were dismissed."). Plaintiff's own allegations indicate there was no prosecution of
21 charges against him. As discussed above, the protections of the Due Process Clause of the
22 Fourteenth Amendment have applicability only where some other, more specific, constitutional
23 protection is not available. Albright, 510 U.S. at 273. Plaintiff's due process rights under the
24 Fourteenth Amendment, whether substantive or procedural, only come into play where Plaintiff's
25 Fourth Amendment rights cease to afford protection. The substance of Plaintiff's malicious
26 prosecution claim appears to use the fact he was arrested without probable cause as proof that he
27 was prosecuted with malice. The protections of the Fourth Amendment apply from the initial
28 seizure of the person through a brief detention period prior to the determination by a magistrate

that the arrestee should be held to answer. Id.at 274.  The Fourth Amendment is designed specifically to protect against arrest without probable cause.  Id.  Nothing in Plaintiff's FAC alleges or suggests that Plaintiff was subject to any criminal process beyond initial detention.

Similarly, to establish a claim for malicious prosecution, under California common law, a plaintiff is required to show that a prior claim initiated by the defendant was (1) pursued to a legal termination favorable to the plaintiff, (2) brought without probable cause, and (3) initiated with malice. Villa v. Cole, 4 Cal.App.4th 1327, 1335 (4th Dist. 1992).  To the extent Plaintiff's FAC seeks to allege a claim under California common law for malicious prosecution, that claim fails because there is no indication that the criminal charges against him "were pursued to a legal termination."  The facts alleged by plaintiff establish that the charges were not pursued at all.

Since Plaintiff has failed to allege he was subject to actual prosecution or subject to any process that was not protected under his Fourth Amendment rights, he has failed to allege facts that would support a claim for malicious prosecution.

### C. Procedural Due Process – Failure to Return Property

The factual background of Plaintiff's FAC alleges the taking by the Defendant officers of Plaintiff's property, including money, jewelry and items of sentimental significance.  The portions of the FAC labeled "Legal Claims" and "Prayer For Relief" do not mention or seek the return of non-returned property.  The court finds that Plaintiff has not stated a claim for violation of his procedural due process rights for the taking of his property.  To the extent Plaintiff's failure to make such an allegation was inadvertent, the court feels it best to inform Plaintiff that he cannot allege a procedural due process claim for failure to return property unless he can allege facts to show that he has either exhausted all available civil remedies or that adequate civil remedies do not exist or are not sufficient to provide relief.  See . Paratt v. Taylor, 451 U.S. 527, 542 (1981) (there is no Due Process violation where there is an adequate state process to address the harm the plaintiff alleges).

### D. Punitive Damages

Defendants seek dismissal of Plaintiff's claims for punitive damages are alleges against the City of Merced or against the Individual Defendants in their individual capacities.  As noted

1  by Defendants, where individual officials of a municipality are sued in their official capacities, it
2  is the municipality that is the real party in interest and punitive damages may not be recovered
3  from a municipal entity in an action pursuant to 42 U.S.C. § 1983 as a matter of law.  City of
4  Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Defendants' motion is not opposed
5  and will be granted to the extent Plaintiff's FAC seeks to impose punitive damages against the
6  individual Defendants in their official capacities or against the City of Merced.

## CONCLUSION AND ORDER

8  Owing, perhaps, to the length and somewhat repetitive nature of Plaintiff's FAC, there
9  appears to be some confusion as to what claims are to be dismissed and which are not.
10 Defendants omit Plaintiff's claim # 6 from the list of claims to be dismissed and Defendants make
11 no argument that Plaintiff has failed to allege a claim for Fourth Amendment violation, either on
12 the theory of excessive force or on the theory of arrest without probable cause.  On the court's list
13 of claims, however, Plaintiff's sixth claim for relief is the claim that the court has interpreted as a
14 claim for failure to provide medical aide, erroneously pled pursuant to the Eighth Amendment
15 instead of the Fourteenth Amendment.  As the court understands Defendants' motion to dismiss,
16 they have moved to dismiss all claims under the Fourteenth and Eighth Amendments, which
17 would include Plaintiff's sixth claim for relief.  As the court interprets Plaintiff's FAC, Plaintiff's
18 eighth claim for relief alleges what can reasonably be interpreted as a claim for violation of his
19 right against the excessive use of force under the Fourth Amendment.  Defendants, so far as the
20 court can tell, have not addressed Plaintiff's eighth claim for relief.  The court will grant
21 Defendants' motion to dismiss in its entirety with the understanding that what remains of
22 Plaintiff's FAC is the eighth claim for relief, which the court interprets as alleging any claim or
23 claims for violation of Plaintiff's rights under the Fourth Amendment that is supported by the
24 facts alleged.  Those theories are excessive use of force and arrest without probable cause.

26 THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendants'
27 motion to dismiss is hereby GRANTED in its entirety.  Plaintiff's First Amended Complaint is
28 hereby DISMISSED with prejudice as to all Defendants and as to all claims alleged therein.

Defendants' motion to dismiss is granted with the understanding that Defendants did not move to dismiss Plaintiff's claims for violation of Fourth Amendment rights under theories of excessive force or lack of probable cause. Consequently, Plaintiff's eighth claim for relief, which the court deems to set forth claims for violation of Plaintiff's rights under the Fourth Amendment in violation of 42 U.S.C. § 1983 on theories of arrest without probable cause and excessive use of force, is not dismissed.

IT IS SO ORDERED.

Dated: __October 23, 2013__           _____
                                       SENIOR DISTRICT JUDGE