1
2
3
4
5
6
7
8
9
10        **UNITED STATES DISTRICT COURT**
11        **EASTERN DISTRICT OF CALIFORNIA**
12

13   ELTON W. ERVIN,                           **1:13-cv-446  GSA**

14              Plaintiff,

15        v.                                   **ORDER TO SHOW CAUSE**

16

17   MERCED POLICE DEPARTMENT *et al*.,

18              Defendants.

19

20        Plaintiff is proceeding pro se in this civil rights action.  There has been a history of

21   Plaintiff failing to keep the Court apprised of his address.  On February 5, 2014, Plaintiff

22   appeared for a scheduling conference and was advised that he must keep the Court apprised of

23   any change of address.  Moreover, Local Rule 182(f) provides that attorneys and any party

24   appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any

25   change of address or telephone number of the attorney or the pro se party."  Thus, Plaintiff is

26   under a continuing duty to keep the Clerk and others informed of any change to his address or

27   telephone number.

28

In this case, Defendant has advised the Court that Plaintiff failed to appear for a deposition on July 21, 2014. Defendant's investigation revealed that Plaintiff may now be incarcerated at North Kern State Prison, 2737 West Cecil Avenue, Delano, California 93215. (Doc. 36).  The Court needs to have information regarding the Plaintiff's location as it will affect the management of this litigation.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d

at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE, why the action should not be dismissed for his failure to follow Local Rule 182(f).  Plaintiff shall file a declaration identifying his current address.  If his address has changed, he shall explain why he failed to keep the Court apprised of his address.   He shall also advise the Court whether he intends to continue to prosecute this action.  If Plaintiff no longer intends to pursue this case, he shall so advise the Court by filing a Notice of Voluntary Dismissal. The declaration addressing the above issues, or the Notice of Voluntary Dismissal shall be filed no later than **September 30, 2014**.  If Plaintiff timely files a Change of Address, this Order to Show Cause will be vacated.  However, ***Plaintiff's failure to timely respond to this Order to Show Cause will result in dismissal of this action in its entirety.***

The Clerk of the Court is directed to serve this Order to Show Cause on Plaintiff at the following addresses:

528 West 8th Street                2737 West Cecil Avenue
Merced, California 95341            Delano, California 93215

IT IS SO ORDERED.

Dated:   **August 21, 2014**          _____ **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

3