# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON W. ERVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCED POLICE DEPARTMENT *et al*.,<br><br>    Defendants. | **1:13-cv-446 GSA**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR CONTINUANCE**<br><br>**ORDER REQUIRING INFORMATION RE: DISCOVERY FROM BOTH PARTIES**<br><br>**(Docs. 38 and 40)** |

On August 21, 2014, this Court issued an Order to Show Cause ("OSC"), why this action should not be dismissed for Plaintiff, Elton Ervin's ("Plaintiff"), failure to keep the Court apprised of his address. (Doc. 38). On August 26, 2014, Plaintiff filed a Motion for a 120 day continuance. (Doc. 40). On September 2, 2014, Plaintiff also filed a response to this Court's OSC ("response"). (Doc. 41).

In this response, Plaintiff explained that he is now incarcerated in North Kern State Prison and that he failed to keep the Court apprised of his address because his father recently passed away, and he was homeless prior to his incarceration. (Doc. 41). Based on this information, the Court discharges the OSC. (Doc. 38). Plaintiff is advised that the Court will change Plaintiff's address to North Kern State Prison, Facility D-1-1-#112, CDC# AV-1585, P.O. Box 5115,

Delano, California 93216.  However, Plaintiff is **again** cautioned that he must keep this Court apprised of any change in his address if this information is not accurate, or if his address changes.  Failure to do so will result of dismissal of this action.

Furthermore, Plaintiff's request for a 120 day continuance is DENIED.  Plaintiff requests a continuance because he is only temporarily detained at the North Kern State Prison.  Additionally he contends that, "he does not have access to a law library," nor can he "complete the requested forms that needs to be filed."  However, Plaintiff has failed to identify good cause why this case should be continued.  There are currently no deadlines pending that require his use of a law library, nor are there specific forms that need to be filed in order for Plaintiff to litigate his case.  Additionally, the mere fact that Plaintiff will be transferred to another facility in the future is not a sufficient reason to delay these proceedings.

Notwithstanding the above, the Court is aware that Plaintiff did not appear for his deposition on July 21, 2014, due to his incarceration.  As a result, Defendants were unable to complete discovery by the deadlines outlined in this Court's scheduling order. (Doc. 36).  Given these circumstances, the Court must assess the discovery process in this case.  As such, **no later than October 10, 2014, both parties** shall provide the Court with a status report in which the parties indicate what discovery that has been completed, as well as any additional discovery that each party intends to complete.  If any aspect of discovery was not completed, the parties must provide a reason for this failure.  The parties shall advise the Court the amount of time it will take to complete the remaining discovery, and request any necessary extensions.  Upon receipt of this information, the Court will assess whether, and to what extent, any discovery deadlines will be extended.  The parties are advised that any requests for an extension of the discovery deadline must specifically identify the discovery that remains to be completed, and contain a showing of good cause.

Finally, Plaintiff has requested that the Court provide him with a form to request counsel. However, Plaintiff is not required to file a standard form to request counsel. Instead, Plaintiff must file a formal motion.

In this regard, Plaintiff is forewarned that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). A review of Plaintiff's case reveals that the claims are simple and the case does not present complex legal issues, so appointment of counsel is not likely. However, Plaintiff may file a formal motion if he wishes to do so. **Plaintiff and Defendants are advised that because Plaintiff is now incarcerated, any motions filed in this case will be governed by Local Rule 230(l).**

Based on the foregoing, IT IS HEREBY ORDERED:

1) The OSC issued on August 21, 2014 (Doc. 38) is DISCHARED;

2) Plaintiff's Motion for a Continuance filed on August 26, 2014 (Doc. 40) is DENIED;

3) Plaintiff shall keep the Court apprised of his address pursuant to Local Rule 182(f);

4) The Clerk of the Court shall send Plaintiff *five* change of address forms and shall change Plaintiff's address on the docket to reflect the following :

3

Elton W. Ervin
CDC # AV-1585
North Kern State Prison
Facility D-1-1-#112
P.O. Box 5005
Delano, California 93216

5) No later than **October 10, 2014**, both parties shall file a statement addressing discovery as outlined above; and

6) *Plaintiff is advised that failure to comply with any part of this order will result in dismissal of this case.*

IT IS SO ORDERED.

Dated:   **September 5, 2014**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE