**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELTON W. ERVIN,<br><br>  Plaintiff,<br><br>  v.<br><br>MERCED POLICE DEPARTMENT *et al*.,<br><br>  Defendants. | **1:13-cv-446  GSA**<br><br>**ORDER DENYING PLAINTIFF'S MISCELLANEOUS DISCOVERY MOTION**<br><br>**(Doc. 47)**<br><br>**AMENDED SCHEDULING ORDER** |

### I.    Introduction

This Court issued a scheduling order on February 7, 2014. (Doc. 32).  Since that time, there have been a variety of events that have taken place including Plaintiff's arrest, and his failure to keep the Court apprised of his address, that have delayed this case.  As a result, discovery has not been completed pursuant to the scheduling order previously issued.

On September 5, 2014, the Court ordered that both parties provide the Court with a status report outlining what discovery was done, and what additional discovery needed to be completed. (Doc. 42).  In response, on September 22, 2014, Plaintiff filed a miscellaneous discovery motion wherein he requests several documents from the Defendants and possibly other third parties. (Doc. 47).  On September 19, 2014 and November 12, 2014, Defendants filed responses wherein they indicate that they still need to take Plaintiff's deposition, and request that the scheduling

1

order be amended so that they may do so. (Docs. 45 and 50).

After reviewing the parties' responses, the Court finds that the parties have established good cause to amend the scheduling order so that *limited discovery* can be completed. Specifically, Plaintiff may request the discovery outlined in his motion filed on September 22, 2014. (Doc. 47). However, this order is limited to giving Plaintiff the opportunity to request the discovery. This order should not be construed as granting any of Plaintiff's discovery requests. Moreover, Plaintiff is advised that filing a motion on the Court's docket is not the correct way to request discovery. Accordingly, his motion for discovery is denied as incorrectly filed. Plaintiff is advised that he must serve Defendants, or any other person or entity in possession of the items sought, with his discovery requests directly. When doing so, he must follow the Federal Rules of Civil Procedure to obtain the discovery he is seeking. Similarly, the Court will allow Defendants additional time to take Plaintiff's deposition as requested.

Accordingly, the Court amends the scheduling order issued on February 7, 2014 (Doc. 32) as follows :

Non–expert discovery deadline: **February 1, 2015**

Dispositive motion filing deadline: **April 17, 2015**

Pretrial Conference: **July 30, 2015 at 10:00 a.m**. in Courtroom 10

Trial: **November 3, 2015 at 8:30 a.m.** in Courtroom 10

*The non-expert discovery deadline is limited to the items listed above and requires that any discovery motion be filed by February 1, 2015*. Defendants are advised that if an order to take Plaintiff's deposition while he is in prison is required, they can file the appropriate motion pursuant to the Fed. R. Civ. P. 30(a)(2)(B).

**II.  Order**

Based on the above, IT IS HEREBY ORDERED that :

2

1) Plaintiff's miscellaneous discovery motion (Doc. 47) is DENIED as incorrectly filed. However, Plaintiff is given additional time to serve the discovery requests outlined in his motion as directed above; and

2) The date in the scheduling order issued on February 7, 2014 (Doc. 32) is modified in accordance with the instructions outlined in this order. All other orders contained in the scheduling order issued on February 7, 2014, remain in full force and effect.

IT IS SO ORDERED.

Dated:   **November 18, 2014**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE