**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELTON W. ERVIN,<br><br>             Plaintiff,<br><br>     v.<br><br>MERCED POLICE DEPARTMENT *et al.*,<br><br>             Defendants. | **1:13-cv-00446  GSA**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br> **(Doc. 54)** |

      Plaintiff Elton Ervin ("Plaintiff") is proceeding pro se in this civil action, in which he alleges violations of his civil rights pursuant to 42 U.S.C. § 1983.  *See* Doc. 13 at 10.  On December 31, 2014, Plaintiff filed a Motion to Appoint Counsel.  (Doc. 54).  In the motion, Plaintiff asks the Court to appoint an attorney to represent him in this matter.  Specifically, Plaintiff states that he seeks the appointment of counsel so that his interests in this litigation are protected.  He further states that he is presently incarcerated and cannot afford to retain counsel

1

independently.

"[I]it is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust* Corp. (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994)).  Similarly, there is no constitutional right to appointed counsel to pursue a claim under 42 U.S.C. § 1983.  *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).  Nevertheless, pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  Appointment of counsel pursuant to 28 U.S.C. § 1915is however discretionary, not mandatory.  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The court may appoint counsel pursuant to 28 U.S.C. § 1915 only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citation omitted).  Even when exceptional circumstances are present, the Court cannot require an attorney to represent a pro se party.  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989) (federal courts do not have the authority "to make coercive appointments of counsel"); *see also $292,888.04 in U.S. Currency*, 54 F.3d at 569.  Rather, the Court requests the voluntary assistance of counsel in the most serious and exceptional cases.

Plaintiff raises 42 U.S.C. § 1983 claims based on excessive force and false arrest theories.  A review of Plaintiff's complaint does not reveal particularly complex or exceptional legal and factual issues when compared to other § 1983 cases filed in this Court.  In light of the early stage of the proceedings, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits; moreover Plaintiff offers no argument to the effect that he has any requisite

likelihood of success.  Further, given the nature of the case and proceedings thus far, Plaintiff does not appear to be hampered in his ability to articulate his positions.  Having considered these factors together, the Court finds that this case does not present exceptional circumstances warranting appointment of counsel.  Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **January 13, 2015**                         **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE