UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON W. ERVIN,<br><br>            Plaintiff,<br><br>     v.<br><br>MERCED POLICE DEPARTMENT *et al.*,<br><br>            Defendants. | 1:13-cv-00446  GSA<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RESPONSES TO HIS REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br> **(Doc. 63)** |

Plaintiff Elton Ervin ("Plaintiff") is proceeding pro se in this civil action, in which he alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. *See* Doc. 13 at 10. On February 19, 2015, Plaintiff filed "Objections" to Defendants' responses to his requests for production of documents. Doc. 63. On March 3, 2015, Defendants City of Merced and Officers Chavez, Aponte, Salyers, and Padgett (collectively, "Defendants") filed a response asking the Court to strike Plaintiff's "Objections." Doc. 64.

The Court has reviewed Plaintiff's objections and it appears that Plaintiff intended to serve these directly on Defendants. The Court has previously admonished Plaintiff that he should conduct discovery and meet-and-confer efforts directly with Defendants rather than filing his discovery-related documents with the Court. *See* Doc. 43 at 3, Doc. 51 at 2. To the extent

Plaintiff is purporting to file a motion to compel, such a motion is untimely and Plaintiff has not made any showing as to good cause to extend the operative scheduling order. *See* Doc. 51. On November 19, 2014, the Court issued an amended scheduling order that extended the non-expert discovery deadline for limited, specific discovery from August 19, 2014 to February 1, 2015. Doc. 51. The amended scheduling order specifically stated that "*[t]he non-expert discovery deadline is limited to the items listed [herein] and requires that any discovery motion be filed by February 1, 2015*." Doc. 51 at 2 (emphasis in original).

Furthermore, Plaintiff's filing cannot be construed as a motion to compel because it does not specify which requests for the production of documents are at issue and which responses he seeks to compel. Doc. 63. In their response to Plaintiff's filing, Defendants have included copies of the Plaintiff's Requests for Production of Documents, Set One (which consists of 15 requests for the production of documents) as well as of Defendants' responses to each request. Doc. 64 at 9-17. Plaintiff has however filed 23 objections without referencing the discovery requests and responses his objections relate to. As a result, the Court cannot precisely discern which responses Plaintiff is seeking to compel, if any, or his grounds for doing so.[1]  *See Brooks v. Alameida*, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Walker v. Karelas*, 2009 WL 3075575 at *1 (E.D. Cal. Sep.21, 2009) ("The court will not review each of plaintiff's discovery requests and each of the defendant's responses thereto in order to determine whether any of the defendant's responses are somehow deficient."). Thus, to the extent Plaintiff seeks to bring a motion to compel, the motion is DENIED. *See* Local Rule 250.3(c); *King v. Atiyeh*, 814

---

[1] In any motion to compel, the moving party bears an initial burden of informing the Court which discovery requests are the subject of the motion to compel, which of the responding party's responses are disputed, why the responding party's responses are deficient, why the responding party's objections, if any, are not justified, and why the documents sought are relevant to the claims at issue in the action.  *See, e.g.*, *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec.21, 2011); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008); *Walker v. Karelas*, 2009 WL 3075575 at *1 (E.D. Cal. Sep.21, 2009).

F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

The Court notes that Defendants have agreed to provide Plaintiff with a number of documents that are responsive to his requests for production of documents subject to the Court's approval of a Stipulated Protective Order entered into by the parties. *See* Doc. 64 at 4, 7, 8. Along with his instant filing, Plaintiff has submitted a copy of the Stipulated Protective Order signed both by him and counsel for Defendants. Doc. 63 at 9-17; *also see* Doc. 64 at 21-31. The Court would have considered adopting the Stipulated Protective Order herein except that it is missing pages 2, 3 and 4. Defendants' counsel shall therefore take the necessary steps to submit a complete copy of the Stipulated Protective Order for adoption by the Court, so as to facilitate the provision of discovery to Plaintiff. If counsel is already in receipt of a complete, signed copy of the Stipulated Protective Order from Plaintiff, counsel shall file it with the Court within five (5) court days from the date of this order. If that is not the case, counsel is directed to provide another copy of the Stipulated Protective Order to Plaintiff for his signature, within five (5) court days from the date of this order. Within five (5) court days of receipt of a signed copy from Plaintiff, counsel shall file it on the docket for the Court's consideration.

IT IS SO ORDERED.

Dated: **May 20, 2015**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE