# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON W. ERVIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>MERCED POLICE DEPARTMENT, *et al*.,<br><br>　　　　　Defendants. | **1:13-cv-00446  GSA**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY**<br><br><br>**(Docs. 86, 91, and 95)** |

　　　　Plaintiff Elton Ervin ("Plaintiff") is proceeding pro se in this civil action. On June 15, 2015, Plaintiff filed a motion entitled, "Motion for Limited Discovery in re:  Docs. 51 and 60," which the Court construes as a Motion to Compel Discovery and a Motion to Amend the Scheduling Order.  (Doc. 86).  In this motion, Plaintiff requests that Defendants produce fifteen items that he alleges he previously requested. *Id*.  Also included in this motion, is a request that Defendants be required to file responses to Plaintiff's request for admissions, as well as a request

1

for Sargent Aponte's police report and supplemental declarations. (Doc. 86, pg. 5). On July 13, 2015, Plaintiff filed duplicative motions, again requesting Defendants' responses to Plaintiff's Request for Admissions (Doc. 91), as well as a request that Defendants produce Sargent Aponte's police reports and declarations. (Doc. 95).

Defendants have filed oppositions to all of these motions. (Docs. 92, 93, 97 and 98). Plaintiff has not filed a reply to Defendants' opposition that was filed on June 30, 2015. (Docs. 92-93). Defendants argue that the Court should deny the motions because the requests are untimely, and they exceed the scope of this Court's previous order extending the non-expert discovery deadline to February 1, 2015. (Doc. 51). They also contend that they have either responded to these requests, and/or provided Plaintiff with several of the requested items on June 30, 2015, after a protective order had been signed. (Doc. 92, pgs. 2-4).

As a preliminary matter, this Court granted an extension of the non-expert discovery deadline until February 1, 2015, so that Plaintiff could request the following items (*See*, Docs. 51 and 60) :

1)   Initial police reports;

2)   Each of the officer's written statements;

3)   Any and all photos;

4)   Drug test kits, and the results of such testing; and

5)   Standard police procedures/manuals.

The order explicitly limited the extension to the items referenced above. (Doc. 51, pg. 2, lines 21-23). On February 4, 2015, Plaintiff filed another Motion to Extend the non-expert discovery deadline for 30 days. (Doc. 60). This Court denied the request because Plaintiff failed to establish good cause for the request. (Doc. 76). However, the motion was denied without prejudice subject to refiling. *Id*.

Plaintiff has re-filed the instant motions in an effort to again modify the scheduling order and request additional discovery.  However, Plaintiff's motions do not establish good cause to modify the non-discovery deadline in this case.  Fed. R. Civ. P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery."  Federal Rule of Civil Procedure 16 provides that the deadlines established in a scheduling order may "be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).  The good cause "standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  It is only satisfied when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id*. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

Here, Plaintiff offers no explanation for his failure to timely complete non-expert discovery, even after being given one extension of time to do so. Moreover, the dispositive motion filing deadline of April 17, 2014 has expired, and Defendants have filed a Motion for Summary Judgment which Plaintiff has already opposed.  (Docs. 65-71, 81).  Allowing additional discovery at this juncture would be prejudicial to Defendants.  Additionally, a review of the Defendants' oppositions reveal that they had already responded to all of Plaintiff's fifteen requests outlined in Plaintiff's motion filed on June 15, 2015 (Doc. 86), or had subsequently sent documents to Plaintiff after a stipulated protective order had been signed. (Docs.  92, Pg. 7 and Doc. 93). Therefore, Plaintiff has received responses to his discovery requests related to these fifteen items and his motion is denied.

Finally, Plaintiff's Request for Defendant's responses to his request for admissions is also denied because he failed to request them by the discovery deadline. (Doc. 91).  The non-expert discovery deadline was August 19, 2014 in this case.  (Doc. 32).   The Court's extension of the

3

non-expert discovery until February 1, 2015, did not include requests for admissions, nor has Plaintiff ever asked for an extension of time to complete this form of discovery. (Doc. 51). Plaintiff did not mail his requests for admissions until January 26, 2015 which is well past the non-expert deadline. (Doc. 93-3, pg. 7). Defendants objected to Plaintiff's request for admissions because the requests were not timely. (Doc. 93-5). Defendants' opposition is proper given Plaintiff's untimely request.

## ORDER

For the reasons outlined above, Plaintiff's Motions to Compel Discovery and any Motions to Amend the Scheduling Order are DENIED. (Doc. 86, 91, and 95).

The Court notes that on June 30, 3015, Defendants filed the declaration of Kevin Allen dated June 30, 2015 (Doc. 93) in opposition of Plaintiff's Motion for Discovery. In the declaration, Mr. Allen indicates that Supplemental Responses (Exhibit F) that were served on Plaintiff on June 30, 2015, were not filed on CM/ECF because they are subject to a confidential protective order. Instead, courtesy copies were filed with the Court. (Doc. 93, pg. 2, para. 8). Defendants shall file these documents under seal (Doc. 93-6, Exhibit F) pursuant to the procedures outlined in Local Rule 144 no later than **July 27, 2015**, so that these responses are part of the Court's record.

IT IS SO ORDERED.

Dated:   **July 19, 2015**             /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE