# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON W. ERVIN,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCED POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | 1:13-cv-00446 GSA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE AN UNTIMELY MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 89)** |

  On June 29, 2015, Plaintiff filed a Motion to File an Untimely Motion for Summary Judgment. (Doc. 89). The Court construes this request as a Motion to Amend the Scheduling Order. Upon a review of the motion, Plaintiff's request is DENIED.

  Federal Rule of Civil Procedure 16 provides that the deadlines established in a scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause "standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). It is only satisfied when a

deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

Here, Plaintiff has not demonstrated good cause to seek an amendment to the Scheduling Order.  His motion is based on the premise that he has limited time to complete legal research, he was unable to complete discovery because he is waiting for a protective order from Defendants, and he was waiting for an order from the Court to extend his discovery deadline.  (Doc. 89, pgs. 1-2).  The Court finds the Plaintiff's arguments unpersuasive.

The filing of dispositive motions was due on April 17, 2015.  (Doc. 51, pg. 2).  Defendants timely filed their Motion for Summary Judgment.  (Doc. 65).  Plaintiff filed a Motion to Extend time to file an Opposition to the Motion for Summary Judgment and the Court granted that request.  (Docs. 73, 77, and 79).  Plaintiff subsequently filed his opposition to the Defendant's Motion for Summary Judgment on June 3, 2015.  (Docs. 82-83).  At no time in this process did Plaintiff file a timely motion to extend the dispositive motion filing deadline on his own behalf.  His arguments that he was waiting for Defendants to provide him with discovery is unavailing since the lack of the discovery did not prevent Plaintiff from filing a timely extension request.  His assertions that he was waiting for rulings on his discovery motions also lacks merit as his pending motions would not act as a stay of the proceedings, and his discovery motion was denied by the Court. (Docs. 60 & 76).

Plaintiff has repeatedly missed deadlines which the Court has excused on many occasions.  (Docs. 16, 34, 38, 39, 42, 51).  However, in this case, Plaintiff has not established good cause for the extension request, and permitting the filing of a Motion for Summary Judgment at this late juncture would be very prejudicial to Defendants.  The Court has also ruled on Defendants' Motion for Summary Judgment concurrently with this motion, and has determined that there are

disputed issues of material facts in this case that must be determined by a jury. Accordingly, Plaintiff's Motion to File an Untimely Motion for Summary Judgment (Doc. 89) is DENIED.

IT IS SO ORDERED.

Dated: __**October 5, 2015**__                              __/s/ Gary S. Austin__
                                                                                UNITED STATES MAGISTRATE JUDGE