1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10
11
ELTON W. ERVIN,                          Case No.  1:13-cv-446-GSA

           Plaintiff,
12
                                         **ORDER DENYING PLAINTIFF'S**
     v.                                  **MOTION TO FILE AN AMENDED**
13                                       **COMPLAINT**
MERCED POLICE DEPARTMENT *et al.*,
14
           Defendants.
15
                                         (Doc. 90)
16
_____/
17
         On June 29, 2015, Plaintiff filed a Motion to Amend the First Amended Complaint
18
("FAC"). (Doc. 90).  Plaintiff seeks to amend the FAC to add a cause of action for cruel and
19
unusual punishment under the Eighth Amendment.  (Doc. 90).  Upon a review of the request,
20
Plaintiff's motion is DENIED.
21
         Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and
22
without leave of court, before a response has been filed.  Fed. R. Civ. P. 15(a)(1);  *Bonin v.*
23
*Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with
24
the opposing party's written consent or the court's leave once a responsive pleading has been filed.
25
Fed.R.Civ.P. 15(a)(2).  Here, Defendants answered by filing a Motion to Dismiss Plaintiff's FAC
26
(Doc. 6) so leave of the court is required for Plaintiff to file a Second Amended complaint.
27
("SAC").
28

1    Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when

2  justice so requires."  This policy is "to be applied with extreme liberality." *Eminence Capital, LLC*

3  *v. Aspeon*, Inc., 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has

4  summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to

5  the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d

6  1310, 1319 (9th Cir. 1984).

7    Upon a review of these the four factors, the Court finds that permitted Plaintiff's

8  amendment would be futile.  Plaintiff's FAC initially contained an Eighth Amendment claim for

9  cruel and unusual punishment on the basis that Defendants used excessive force against him.

10 (Doc. 1, pg.7).  However, Judge Ishii has already issued a ruling dismissing this cause of action

11 noting that causes of action under the Eighth Amendment apply "only after the State has complied

12 with the constitutional guarantees traditionally associated with criminal prosecution." *Ingraham v.*

13 *Wright*, 430 U.S. 651, 671, n.40 (1977). (Doc. 13, pg. 4).  In other words, a cause of action under

14 the Eighth Amendment for cruel and unusual punishment only applies to events that occur after

15 there has been a criminal conviction and sentence,  which is not applicable here.  Where the

16 excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is

17 most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*

18 *v. Connor*, 490 U.S. 386, 394 (1989); *see also Albright v. Oliver*, 510 U.S. 266, 273-274 (1993)

19 (Fourth Amendment is appropriate for analysis of depravation of pretrial liberty interests).

20 Plaintiff's FAC already contains a Fourth Amendment claim.  Therefore, any amendment to the

21 complaint would be futile and in direct contradiction of Judge Ishii's prior order.  Accordingly,

22 Plaintiff's Motion to Amend the Complaint (Doc. 90) is DENIED.

23

24

25 IT IS SO ORDERED.

26    Dated:   **October 5, 2015**                **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

27

28

2