**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELTON W. ERVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCED POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | **1:13-cv-00446  GSA**<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(Doc. 100)** |

**I.       Introduction**

On July 20, 2015, Plaintiff filed a Motion to Compel. (Doc. 100). Defendants have filed an Opposition to the motion. (Doc. 111 & 112). Plaintiff did not file a Reply. Upon a review of the briefing, Plaintiff's Motion to Compel is DENIED IN PART AND GRANTED IN PART.

**II.      Relevant History**

The Plaintiff has filed several Motions to Compel in this case. By way of history, the non-

1

expert discovery deadline in this case was August 19, 2014.  (Doc. 32).  Prior to that time, Plaintiff became incarcerated, did not keep the Court apprised of his address, and he failed to appear for his deposition on July 21, 2014. (Doc. 38, 39 & 42).  After Plaintiff was located, on September 5, 2014, the Court permitted him to change his address and advised the parties it would consider motions to extend the non-expert discovery deadlines in this case. (Doc. 42).  Because the non-expert discovery deadline had already passed, the Court required the parties to identify specific discovery each party wanted to pursue . *Id*. On November 19, 2014, the Court considered the parties' requests to extend this deadline and granted an extension of the non-expert discovery deadline until February 1, 2015.  Pursuant to Plaintiff's request, he was advised he could propound the following discovery before the above deadline.  (*See*, Docs. 45, 47, and 51):

1)     Initial police reports;

2)     Each of the officer's written statements;

3)     Any and all photos;

4)     Drug test kits, and the results of such testing;

5)     Standard police procedures/manuals; and

6)     Documents related to Plaintiff's court proceedings.

The order explicitly limited the extension to the items referenced above. (Doc. 51, pg. 2, lines 2-6; and lines 21-23).   Plaintiff served his Request for Production of Documents on December 23, 2014.  (Doc. 93-1, pgs. 2-7).  On February 4, 2015, (after the second non-expert discovery deadline passed), Plaintiff filed another request to extend the non-expert discovery deadline for 30 days.  (Doc. 60).  This Court denied the request without prejudice because Plaintiff failed to establish good cause for the request.  (Doc. 76).  Plaintiff subsequently filed three more discovery-related motions.  (Docs. 86, 91, and 95).  The Court denied these requests based on Plaintiff's failure to establish good cause to amend the scheduling order, and because it

appeared the Defendants were in the process of giving many of the disputed items to Plaintiff after the parties signed a protective order. (Docs. 99, pg. 3). On July 20, 2015, after receiving the documents from the Defendants, Plaintiff filed the instant Motion to Compel requesting the items listed below.

## III.   Discussion

In this motion, Plaintiff contends that Defendants have failed to produce documents they had agreed to produce pursuant to a protective order. The Court has reviewed Plaintiff's requests and rules as follows:

> 1) *Request for Production of Document #2 – Copies of citizen's complaint and complete records for the full investigation conducted by Internal Affairs.* (Doc. 100, pgs. 2 & 5).

Defendants contend that they have produced the citizen's complaint and it appears that they have done so. (Doc. 111, pgs. 3-4; Doc. 105). To the extent that Plaintiff seeks the full and complete incident–related Internal Affairs file, Defendants objected on privacy grounds on January 30, 2015. (Doc. 111, pgs. 3-4, pg. 7; Doc. 112, pg. 16). Defendants argue that Plaintiff's Motion to Compel these documents is several months late, as he has filed this Motion to Compel almost six months after the non-expert discovery deadline.

The Court agrees. This Court previously denied Plaintiff's Motion to Compel the Internal Affairs file on several grounds including the untimeliness of the motion, and because the motion was deficient. (Doc. 78, pg. 2). Plaintiff again has not established any good cause to permit the filing of this motion beyond the deadline. Moreover, this request exceeds the limited discovery permitted in this Court's prior order. (Doc. 51, pg. 2). Plaintiff's request is DENIED.

> 2) *Request for Production of Document #6 – Any and all drug test kits and laboratory findings regarding the cocaine possession charges. (Doc. 100, pgs. 2 & 9).*

Defendant has indicated that once test kits are used they become poisonous, and therefore, Plaintiff's kit was destroyed. (Doc. 111, pg. 3). They have provided the responsive documents

they possessed which is a photograph of the initial test done at the time of the incident.  Since Defendants are no longer in possession of the kit, Plaintiff's request is DENIED.

> 3) *Production of Document Number 9 – Defendants' training with regard to excessive force. (Doc. 100, pgs. 2, 10-11).*

Defendants have provided a list of the relevant pre-incident related trainings.  (Doc. 106-109). However, post-incident training records were redacted.  They argue training that occurred after the incident is not relevant. (Doc. 111, pgs. 3-4).

The Court agrees. Plaintiff was provided with a list of training the officers attended prior to the incident;  post-incident excessive force training is not relevant.

Plaintiff has argued that the materials Defendant provided are incomplete.  (Doc. 100, pg. 10, lines 19-21.)  The Court notes that Defendants have not provided any information regarding the content of the training which appears to be relevant.  As such, Defendants shall provide the content of training materials related to excessive force that occurred prior to the incident to the extent that they possess them.  Accordingly, Defendants shall advise the Court no later than **October 28, 2015**, what those documents are, and when those documents will be served on the Plaintiff.[1]  Defendants shall advise the Court and Plaintiff if no documents are in their possession, or alternatively, they shall provide any objections to providing the documents no later than **October 28, 2105**.  Accordingly, this request is DENIED IN PART AND GRANTED IN PART.

> 4) *Request for Production of Document Number 13 (Doc. 100, pgs. 2 & 12) –Any and all documents relating to allegations of excessive use of force by each officer mentioned in the complaint.*

Defendants have indicated in a Supplemental Response that they have no documents responsive to this request.  (Doc. 111, pg. 3-4; Doc. 112, pg. 115).  Accordingly, Plaintiff's

---

[1] The Court is aware that it may take Defendants some time to determine if there are any documents responsive to this request.

4

request is DENIED.

> 5) *Request for Production of Document Number 14 - Formal and informal complaints filed against any of the defendants in this case alleging excessive use of force that occurred prior to the incident in question.* (Doc. 100, pg. 12).

Defendants advised Plaintiff in a Supplemental Request that they do not possess documents responsive to this request. (Doc. 111, pg. 4; Doc. 112, pgs. 115-116). As such, Plaintiff's request is DENIED.

> 6) *Plaintiff's request for Sergeant Aponte's initial supplemental police report, notes and Sgt. Aponte's declaration used in support of Defendants' Motion for Summary Judgment.*

Defendant argues that this request is untimely and this request has been previously denied. (Doc. 76 & 99). However, upon a review of the record, police reports were within the discovery categories the Court had permitted, and Plaintiff timely requested the materials from Defendants. (Doc. 51, pg. 2, Doc. 93-1, pg. 4). The Court denied Plaintiff's previous Motion to Compel these documents on the assumption that the Defendants had, or would be providing them to Plaintiff (Doc. 99, pg. 3; Doc. 93-2, pg. 5, Defendants' Response to Request for Production No. 1). These documents appear to be relevant to the proceedings. Plaintiff's Motion is GRANTED. Defendants shall produce these documents to Plaintiff if they are in Defendants' possession. If Defendants do not possess the documents, they shall advise the Plaintiff and the Court no later than **October 28, 2015**.[2]

**IV.   Conclusion**

Plaintiff's Motion for to Compel (Doc. 100) is DENIED IN PART AND GRANTED IN PART for the reasons outlined above. Additionally, the Court notes that this is the *sixth* discovery-related motion Plaintiff has filed. Many of the requested items are duplicative requests this Court has already denied, or Plaintiff has been advised that there are no documents

---

[2] Plaintiff appears to be under the misunderstanding the Defendants relied upon Sgt. Aponte's police reports in their Motion for Summary Judgment. However, this understanding is an error, since Defendants did not rely on this evidence in support of their Motion for Summary Judgment. (Doc. 65-71).

responsive to his request. Plaintiff is advised that discovery in this case is CLOSED.  The filing of any future discovery-related motions by Plaintiff will be looked upon is *great* disfavor.

Finally, as previously noted in this order, the Court has given Plaintiff several opportunities to complete discovery and litigate this case.  However, the denials of the discovery motions have been due to Plaintiff's failure to follow the appropriate rules.  Although pleadings of pro se pleadings must be construed liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

IT IS SO ORDERED.

Dated:   **October 6, 2015**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE