UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON ERVIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>MERCED POLICE DEPARTMENT, *et al.*,<br><br>        Defendants. | 1:13-cv-446-EPG<br><br>ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 118, 136) |

### I. BACKGROUND

Elton Ervin ("Plaintiff") is a proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983 based on alleged Fourth Amendment violations. His complaint arises from his claim that, on January 14, 2012, Defendants approached Plaintiff without identifying themselves as police officers, threw him to the ground when he tried to walk away, kicked him while he was on the ground, shoved a flashlight and baton in his mouth, broke some of his teeth, and then arrested him for various charges.

On October 6, 2015, the Court issued an Order denying in part and granting in part the Defendants' Motion for Summary Judgment. (Doc. 118). The Court found that there were disputed issues of fact regarding Plaintiff's Fourth Amendment claim, necessitating a trial on the merits. The Court found that, construing the facts in the light most favorable to the *pro se*

Plaintiff, there was a dispute regarding whether the Defendants complied with the Fourth Amendment's constraints during the initial stop, use of force, and arrest.

On October 29, 2015, Defendants filed a Motion for Reconsideration of the Order, claiming that denial of summary judgment was judicial error. Defendants argue that undisputed facts supported that Defendants had probable cause for the arrest, and relatedly are entitled to qualified immunity. Defendants also claim that the propriety of the initial stop is not at issue in this case. (Doc. 136).

On November 11, 2015, Plaintiff filed an Opposition arguing that Defendants' motion for reconsideration is untimely because the Judge Ishii's Order was issued in 2013, and Defendants should have filed raised any issues related to that order at that time. (Doc. 138). Additionally, although not entirely clear, it appears Plaintiff argues that based on collateral estoppel and res judicata, all of his Fourth Amendment claims are still viable because Defendants did not file motions to dismiss his Fourth Amendment claims previously. In Reply, Defendants defend the timeliness of the motion, and contend that Plaintiff's Opposition does not adequately address the arguments raised in their brief. (Doc. 143).

For the reasons described below, the Court DENIES Defendants' motion, while giving leave to raise certain of these issues in subsequent briefing. In sum, the Court believes it was *not* error to hold that Plaintiff has alleged facts warranting a trial on all Fourth Amendment issues related to his encounter with Defendants that day. To deprive him of that opportunity would require that the Court weigh evidence or make credibility findings, which it cannot do. Stated another way, if all that Plaintiff says is true, he has established multiple violations of the Fourth Amendment.

II.    **LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id*. In seeking reconsideration of an

order, Local Rule 230(k) requires the moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(k).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

As a preliminary matter, Plaintiff argues that Defendants' Motion for Reconsideration is untimely, however, Defendants requests reconsideration for Judge Austin's Order on Defendants' Motion for Summary Judgment issued on October 6, 2015, not Judge Ishii's Order.  (Doc. 118).  Defendants filed their motion on October 29, 2015. (Doc. 136).  Federal Rule of Civil Procedure 60(c) provides that motions for a relief from judgment shall be filed "within a reasonable time." Fed. R. Civ. P. 60(c).  Filing the the motion twenty-three days after the issuance of Judge Austin's Order, is a reasonable period of time, so the motion is not time-barred.

In their motion, Defendants seek reconsideration of Judge Austin's Summary Judgment Order on the grounds of "clear error."  Defendants do not claim that there are newly discovered facts or a change in law.

## II. THE CONSTITUTIONALITY OF THE INITIAL STOP

In their motion for reconsideration, Defendants contend that the legality of the initial stop is no longer at issue in this case because, when United States District Court Judge Ishii

ruled on Defendants' motion to dismiss Plaintiff's other claims--not including Plaintiff's Fourth Amendment claim, Judge Ishii characterized Plaintiff's unchallenged and surviving Fourth Amendment claim as addressing the lawfulness of the arrest and excessive force allegations. (Docs. 13, 15, and Doc. 136, pg. 14-15).  Defendants claim that when summarizing the unchallenged Fourth Amendment claim, Judge Ishii never said that Plaintiff was challenging the constitutionality of the initial stop in particular, separate from the arrest and use of force. Thus, Defendants argue the law of the case precludes Plaintiff from claiming at trial that the initial stop violated the Fourth Amendment.

In opposition to Defendants' motion, Plaintiff argues that his Fourth Amendment claims are still viable based on collateral estoppel and res judicata, because Defendants did not file a Motion to Dismiss these claims and Judge Ishii indicated the case could proceed on those claims.  Although Plaintiff's reliance on collateral estoppel and res judicata is somewhat misplaced, the Court disagrees with Defendants' assertion that Plaintiff's Fourth Amendment claims were so limited through Judge Ishii's order.

In Defendants' Motion to Dismiss filed on October 23, 2013, Defendants requested dismissal of the other causes of action in Plaintiff's compliant, but expressly not the Fourth Amendment claim. (Doc. 6).  Judge Ishii clearly states this in his order:

> As the Court interprets Plaintiff's FAC, Plaintiff's eighth claim for relief alleges what can reasonably be interpreted as a claim for violation of his right against the excessive use of force under the Fourth Amendment. *Defendants, so far as the court can tell, have not addressed Plaintiff's eighth claim for relief.* The court will grant Defendants' motion to dismiss in its entirety with the understanding that what remains of Plaintiff's FAC is the eighth claim for relief, which the court interprets as alleging *any claim or claims for violation of Plaintiff's rights under the Fourth Amendment that is supported by the facts alleged*. Those theories are excessive use of force and arrest without probable cause.
> (Doc. 13, pg. 9, lines 18-24).

Moreover, elsewhere in Judge Ishii's Order, when addressing Plaintiff's claims under the Eighth Amendment, he specifically refers to claims arising out of Defendants' stop:

> The Court concludes that, to the extent Plaintiff has sought to allege claims for relief under either the Eighth Amendment of Substantive Due Process Clause of the Fourteenth Amendment *for claims arising out of his stop,* arrest, detention or arising out of the force applied during any of these, those claims are without merit because *those violations are protected under the Fourth Amendment.*
> (Doc. 13, pg. 4, line 26 - pg. 5, line 2).

Finally, in response to a request for clarification of the Order by Defendants, Judge Ishii states as follows:

> The court deemed Plaintiffs' FAC to allege eight claims for relief, of which only one – Plaintiff's eighth claim for relief – was deemed by the court to allege violation of Plaintiff's Fourth Amendment rights against arrest without probable cause and application of excessive force. The court construed Defendants' motion to dismiss as seeking dismissal of all claims for relief alleged in the FAC *except* for Plaintiff's eighth claim for relief. The court granted Defendants' motion to dismiss in its entirety meaning that Plaintiff's claims that alleged violations of constitutional rights *on any ground other than violation of Fourth Amendment were dismissed with prejudice ...*
> (Doc. 15, pgs. 1 lines 22 – pg. 2 line 1).

In fact, a close review of the Defendants' Motion to Dismiss reveals that Defendants themselves were the ones who initially framed the FAC as only alleging a lack of probable cause and excessive force. (Doc. 6-1, pg. 3, lines 20-21; Doc. 6-1, pg. 4, line 4).  In other words, the Court was merely summarizing the characterization by Defendants.  The Court was not independently construing the scope of the Fourth Amendment claim.

Thus, the fact that when Judge Ishii summarized Plaintiff's Fourth Amendment claim, he did not always specifically mention the challenge to the initial stop, does not amount to a dismissal of that claim, or an endorsement of the legality of the initial stop.  Under these facts, the doctrine of the law of the case is not applicable because the Court made no ruling on Plaintiff's Fourth Amendment claims. *See*, *Richardson v. United States*, 841 F. 2d 993, 996 (9th Cir. 1988) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue *previously* decided by the same court, or a higher court"). It would be unjust to deprive Plaintiff of an opportunity to challenge the lawfulness of the stop based solely on Judge's Ishii's characterization of an issue not presented in Defendants' Motion to Dismiss. (Doc. 6).

With this background in mind, the Court believes that the question of whether Plaintiff is entitled to challenge the constitutionality of the initial stop at trial should be determined by Plaintiff's allegations in the operative complaint.  In their motion for reconsideration, Defendants argue that Plaintiff never alleged a *Terry* Stop violation in his pleading so did not adequately plead a Fourth Amendment claim based on the initial stop. (Doc. 136, pg. 14, lines 21-22).  The Court disagrees.  While Plaintiff never specifically uses the term "*Terry* Stop," he clearly raises issues related to his Officer Chavez's initial stop.  For example, Plaintiff states as follows:

> [O]n January 14, 2012 around 11:00 or 11:30 p.m. I Elton Ervin was detained due to a call that supposebly [sic] came over the police radio of a suspicious green [F]ord [F]ocus. As I pulled up at my resident [sic] and parted, I noticed a car in my rear view parked about (2) cars behind me in the middle of the street with its headlights off, [sic] fearing for my safety I exited my car and attempted to walk to my house, at which time a figure approached in the dark asking me who's car I was driving and where I was coming from, [sic] being that the officer failed to identity himself, I continue[sic] towards my house when out of nowhere I was grabbed around my neck and thrown to the ground.  The next thing I know I'm being held down by (3) officers … [1]
> (Doc. 1, pg. 7 ).

Plaintiff also challenges the stop on the basis that he was alone in his car, which did not match the description of the suspects identified in the 911 call:

> [M]erced [P]olice department dispatch officer who sent the report to patrol unit Officer E. Chavez, of a green [F]ord [F]ocus *with two black males with dark clothing, but no further information linking plaintiff to the vehicle or any crime or activity under investigation does not justify as probable cause*, and if the officer witnessed a second suspect exit the vehicle as he claims, why didn't any of the Does 1-4 officers pursue or even attempt to detain or question the individual if the two people in the vehicle were considered suspects? For one reason, *there was no else in the vehicle as the officers claimed in their narrative police report, and two, the officer never did a traffic stop as he claims*, and I've never seen a patrol unit do a traffic stop with all of its lights completely off, no siren, or indication, other than running up on [someone] in the dark without identifying his self [sic] …
> (Doc. 1, pg. 39 line 11- pg. 40, line 1).

---

[1] Similar allegations were also raised later in the FAC. (Doc. 1, pg. 36, lines 9-26).

6

Finally, Plaintiff alleges :

> Officers had *no reasonable articulable suspicion of criminal activity to meet the standard of probable cause [sic] is the level of suspicion requires to justify certain governmental intrusion upon interests protected by the 4th Amendment* …
> (Doc. 1, pg. 41, lines 15-18).
>
> To meet the standard of probable cause, the state/police officer must point out *specific and articulable facts,* together with rational inferences drawn from those facts, *that reasonably suggest criminal activity has occurred or is imminent*. Inarticulable hunches or generalized suspicions are insufficient. [T]he primary basis for reasonable suspicion are a police officer's personal observations and the collective knowledge of several law enforcement personnel …
> (Doc. 1, pg. 42, lines 1-11).
>
> Officers deprived Plaintiff of his substantive due process right to be free from a state created danger. Material facts, officers consciously disregarded a great risk of serious harm to Plaintiff *by falsely accusing plaintiff of being the suspect of a 911 call* … claims of excessive force by police officers in the context of an arrest, *investigatory stop, or other seizure* should be analyzed under the 4th Amendment.
> (Doc. 1, pg. 43 lines 1-14).

*Pro se* pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). The Court finds these allegations state a constitutional challenge to the initial stop.

In the alternative, Defendants have requested the opportunity to file supplemental briefing with supporting evidence for a motion for summary adjudication regarding the unlawful stop claim. Defendants claim that they relied on Judge Ishii's order on the motion to dismiss in failing to move for summary adjudication and ask for an opportunity to brief that limited issue.

The Court is mindful of giving the parties an opportunity to be heard, and thus will provide Defendants with a opportunity to file a short brief of up to 10 pages within 20 days of this order if they wish to argue that the undisputed facts regarding the initial stop preclude a

1  Fourth Amendment violation as a matter of law.  The Court will then decide whether to require
2  a response from the Plaintiff or further argument from the parties.[2]
3        That said, based on the facts presented to the Court thus far, it appears highly unlikely
4  that any additional facts would make summary adjudication appropriate on this claim.
5  According to the Supreme Court, an initial stop is a detention for investigative purposes (a
6  *Terry* stop), and the officer must have "a reasonable suspicion supported by articulable facts
7  that criminal activity may be afoot."  *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Terry v.*
8  *Ohio*, 392 U.S. 3, 19 (1968).  Plaintiff has alleged facts, as described above, which if true
9  would indicate that Defendants lacked that reasonable suspicion, and further that the stop and
10 questioning was not consensual. As the Court noted in the Order on Defendants' Motion for
11 Summary Judgment, all of the circumstances surrounding the stop where either disputed or
12 unclear, and resolution of this claim would require weighing evidence and making credibility
13 determinations. (Doc. 118, pgs. 12-14).

## II.   THE CONSTITUTIONALITY OF THE ARREST

      In their motion for reconsideration, Defendants also argue that the Court clearly erred in finding that there were disputes of fact precluding motion for summary adjudication on the constitutionality of the arrest.  Defendants' motion is based in large part on the Court listing among undisputed facts that "Based on his training and experience, Chavez believed the bag contained illegal narcotics because the substance was white and powdery which is indicative of either cocaine or methamphetamine."  Order at 7:21-22.  Defendants argue that if it is in fact undisputed that Defendant Chavez truly believed Plaintiff had cocaine, then there was probable cause for arrest.  Similarly, they claim that Defendants would be entitled to qualified immunity for arresting Plaintiff if it were truly undisputed that they had a genuine believe that Plaintiff had cocaine.

      To the extent the Court made any error, it was in suggesting that Defendant Chavez's *belief* was undisputed.  The Court should have made clear that it was only undisputed that

---

[2] This additional briefing will not otherwise alter the schedule currently in place.

Defendant Chavez was *claiming* that he found cocaine.  A fair reading of the facts, including Plaintiff's allegation that the white substance was actually his teeth, which had just been broken by Defendant's flashlight and baton, shows that it is very much disputed whether Defendant Chavez truly believed that he had found cocaine.  (Doc. 118, pg. 11-12).  The Court did not intend to make a credibility finding in its order, and could not have done so at this stage.  Moreover, the circumstances surrounding the photograph of the drug test is disputed as Plaintiff alleges that test was falsified. (Doc. 1, pg. 34, lines 19-20; Doc. 1, pg. 38, lines 20-28;  Doc. 1, pg. 77, lines 19-20; Doc. 82, pgs. 9, lines 24-28).  Again, Plaintiff was never charged with cocaine possession and there is no remaining physical evidence of cocaine.  Plaintiff denies possessing cocaine, and Plaintiff is competent to testify regarding these facts as he has personal knowledge of whether or not he was in possession of drugs.

When judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011).  On summary judgment, the Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).  Given this standard, the disputed facts surrounding the presence of drugs and basis for arrest precludes summary adjudication on the wrongful arrest claim.  Again, if what Plaintiff says is true, Defendants lacked probable cause for the arrest.

In their Motion for Reconsideration, Defendants also argue that whether the initial stop complied with the Fourth Amendment should not be considered when assessing probable cause because an arrest and a *Terry* Stop are two different types of seizures.  For the reasons described above, the Court finds that there are disputed facts surrounding the basis for the arrest, separate and apart from the issues surrounding the initial stop.  The Court reaffirms its order on this point.

Nevertheless, Defendants appear to be arguing that even if Defendants conducted an illegal stop in violation of the Fourth Amendment, such a violation cannot be used to claim that the subsequent arrest was illegal.  While this determination would not have affected the Court's ruling on summary judgment given the numerous disputed issues regarding the arrest, it remains a relevant issue for trial.  If Defendants are correct, they would be entitled to an instruction to the jury.  The Court thus notes that Defendants will still have the opportunity to argue for specific instructions to the jury consistent with the law regarding what can be considered in determining whether Defendants had probable cause for the arrest.  The Court will hear such argument in conjunction with jury instructions, or any other pretrial motions regarding the weight of evidence regarding the claims at issue.

### III.   CONCLUSION

As noted above, Defendants have not demonstrated clear error, presented additional facts, or a change in the law that warrants reconsideration of this Court's order.  Accordingly, Defendants' Motion for Reconsideration (Doc. 136) is DENIED, and the Order on Defendants' Motion for Summary Judgment (Doc. 118) is clarified, as set forth above.

Defendants may file a brief up to 10 pages within 20 days of this order, if they choose, on the subject of whether the undisputed facts preclude Plaintiff's claim that the initial stop violated the Fourth Amendment.

IT IS SO ORDERED.

Dated:   **November 19, 2015**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE